RUSHMORE a. HALL.

*Supreme Court, First District; General Term, May,* 1861.

CONDITIONAL EXAMINATION.—EVIDENCE.—EXAMINATION OF PARTIES.

Under an order for the examination of a witness conditionally, pursuant to 2 Rev. Stat., 391, 392, where the adverse party had notice of the examination, and appeared and cross-examined the witness, though objecting that the power to take the examination was exhausted by a previous notice of examination, and

a failure of the moving party to proceed with the examination,—*Held,* that the deposition thus taken became effectual proof in the cause.

Where a witness testifies to acts which did not happen in his presence, the testimony cannot be excluded ; the only remedy is to show, by cross-examination, that the witness had not sufficient opportunity of knowing what he had testified.

Where a party was examined as a witness in his own behalf, before the amendment of § 399 of the Code, it was proper to recall him to contradict the other party, although not on a point specified in the notice.

It is not error for a justice at circuit to refuse to charge as requested on a hypothetical state of facts, though the proposition of law be correct, if there is nothing in the testimony to warrant the jury in taking it into consideration.

Appeal from a judgment and an order denying a new trial.

This action was commenced on the 28th day of January, 1858, to recover the amount of a·promissory note for $700, made by Josiah Wendell, to the order of and indorsed by Barton B. Wood. The defendant Wendell appeared, and by his answer alleged that the note in controversy was void on account of usury. The defendant Wood made no appearance, and judgment was taken against him by default. Subsequently to the trial of the action the defendant Wendell died, and the action was regularly continued against the executors of Wendell, who were the defendants at the time of this appeal.

On the 23d day of April, 1858, the cause was tried at New York, before his honor Justice Sutherland, and a jury. It being decided by the justice that the defendants had the affirmative of the issues to be tried, the defence opened their case, and offered to read the deposition of George A. Wendell, as taken conditionally on the 14th day of April, 1858. It was admitted by the plaintiffs' counsel that the said G. A. Wendell was too sick to attend as a witness. The plaintiffs' counsel objected to the reading the said testimony. The defendants' counsel contended that the defendants were right in offering said testimony, as it was taken in pursuance of an order of the court, as follows :

" At circuit, March 26th, 1858, Hon. H. E. DAVIES, Justice.

" On motion of Mr. Dyett, counsel for Josiah Wendell : ordered, that the trial of this action be postponed to the 9th day of April, 1858, on payment by the defendant of $67.06 costs. And the plaintiffs consenting, it is further ordered, that the testimony of the witness, George A. Wendell, be taken conditionally at his residence at West Bloomfield, upon four days' notice to

the plaintiffs, before any justice of the peace in the county where said George A. Wendell resides; and that the testimony so taken be used in evidence in the trial of this action, with the same effect as if taken before a justice of this court upon the usual order for such examination, under the Revised Statutes of the State."

The plaintiffs' counsel again objected, upon the ground that the said order only contemplated the taking of testimony to be used on the 9th day of April, 1858; that the defendants had served upon the plaintiffs' attorney notice that testimony would be taken in pursuance of such order on the 5th day of April, 1858, and that on the said 5th day of April the plaintiffs appeared by attorney at the place designated in said notice, where no testimony was taken, and no adjournment of the taking of such testimony made, and all the powers of the said order of the 26th day of March were exhausted, and the testimony alleged to have been taken under it on the 14th day of April should not be admitted, and that the proper objection to the taking of any testimony, under said order, had been made on the said 14th day of April at the opening of the examination of the said G. A. Wendell.

The court overruled the objections, and the plaintiffs excepted.

The deposition was prefaced with the following certificate:

"The plaintiffs' counsel here, before the witness is sworn, objects to the examination of the witness, and to the taking of his deposition, upon the ground that the defendants have no right to examine the witness under the order produced, or on any other account. The testimony taken, subject to objection. The plaintiffs' counsel also objects, that the witness is a party in interest in this action."

It appeared by George A. Wendell's testimony that the defendant, Josiah Wendell, executed the note described in the pleadings, and handed it to witness to get discounted for defendant's benefit. The witness testified further: "My father (the defendant) authorized me to pay five per cent. over and above the legal interest to raise the money on the note.

Plaintiffs objected before the justice to what was said by the defendant to witness.

The witness further testified that he procured the note to be

Rushmore *a.* Hall.

discounted by the defendant, Barton B. Wood, for $665, which was at the rate of five per cent. above the legal interest.

Josiah Wendell, the defendant, was examined in pursuance of a notice of his examination, and testified: " My son took the note to raise money on it. I never gave my son any authority to do *any thing* with this note except to raise money on it for me. I received $665 for that note; no more. Part of the money was deposited in the Bank of Lima; part of it I received from my son; I found part to my credit in the bank; part of the money was deposited by my son." (The plaintiffs' attorney excepted to the testimony as to what the son did. Overruled, and exception taken.) " My son took the note already indorsed. I know my son went to Canandaigua to see about having the note discounted."

(Objection by plaintiffs' attorney was taken to the statement that his son went to Canandaigua, as not being within the knowledge of the witness: overruled, and exception.) " My son paid to me about $400, and put the balance in the bank." (Objection as to what his son did with the balance: overruled, and exception.)

Barton B. Wood also testified that he received the note from G. A. Wendell in June, 1857; that he discounted the note, and gave $665 for it, and no more; that he knew at the time that it was an accommodation-note.

After the defendants rested, the plaintiffs called a witness who testified that the plaintiffs received the note from defendant Wood, in consideration of an assignment to him of a claim against George A. Wendell for $926. The witness also testified that he saw Josiah Wendell after the note became due, and showed the note to him with the remark, " You see this is the note you gave to Rushmore, Cone & Co.;" that Wendell replied, " You will have to see George about it; it is his business."

Plaintiffs rested, and defendants recalled Josiah Wendell, for the purpose of contradicting the last witness on the subject of the interview and conversation detailed as having taken place after the maturity of the note. Plaintiffs' counsel objected to any such testimony on the part of the defendants by the defendant as a witness, on the ground that the defendant could only be examined in regard to the points specified in the notice of his examination. The court overruled the objection, and plain-

tiffs' counsel excepted. The defendant then testified that he never had any interview or any such conversation to that purport or effect.

After the court had charged the jury, plaintiffs' counsel asked the justice to further charge the jury as follows: If the jury believe that the defendant authorized George A. Wendell, as his agent, to negotiate the note in controversy, and G. A. Wendell and B. B. Wood in reality passed it off to the plaintiffs for the claim against George, then the plaintiffs are *bona-fide* holders, upon the ground that the usurious transaction, even if it had transpired, was revoked, and that the transaction between G. A. Wendell, B. B. Wood, and Mitchell was to be regarded as an original negotiation of the note. The court refused so to charge: the plaintiffs' counsel excepted, and the case went to the jury, who found for the defendants.

The plaintiffs subsequently moved, upon a case and exceptions, for a new trial, which motion was denied. The plaintiffs then took the present appeal.

*William A. Coursen*, for the appellants.—I. The court at the trial erred in allowing the testimony of George A. Wendell (taken conditionally) to be read or received in evidence, because the only order under which any testimony, to be used on the trial of this action, could be taken conditionally was the one contained in the case before the court. Notice that testimony would be taken under that order on the 5th of April, 1858, had been served on the plaintiffs' attorney, and the plaintiffs had attended at the time and place designated by said notice, but no testimony was then taken, and no adjournment upon the order then made, and the powers of the order were exhausted. (1 *E. D. Smith*, 536.)

II. The various objections taken by the plaintiffs to parts of the testimony of George A. Wendell should have been allowed, and the testimony taken, subject to such objection, should have been excluded on the trial.

III. The court erred in admitting the testimony of Josiah Wendell (the defendant) to contradict the testimony of Isaac W. Mitchell, a witness called by the plaintiffs. The defendant had no right to be examined as a witness in his own behalf, except in regard to the points upon which he had given, to the

plaintiffs, ten days' notice of his intention to be examined. As his sole right to give testimony in his own behalf was statutory, his rights in that respect were strictly limited by the statute, as it then was. The defendant had given no notice that he would be examined on the point or points, to testify upon which he was recalled by his counsel, and the testimony on his re-direct examination was improperly admitted.

IV. Under the pleadings and the testimony the court erred in refusing to charge the jury to the effect requested by the plaintiff.

*Anthony R. Dyett,* for the respondents.—I. The court was perfectly right in overruling the objections and admitting the deposition of George A. Wendell. The order had not expired —the plaintiffs had notice of the intended examination, and appeared and cross-examined the witness.

To be sure, they "objected" at the time. But if the objection were tenable, as they did cross-examine they had not been injured. On a motion for a new trial the court only regards substantial errors—it does not relieve for the purest of technical ones. To say, because an attempt was made to examine the witness, and that attempt failed, that therefore the order was "exhausted," is scarcely tenable.

II. Josiah Wendell's contradiction of Mitchell was within the language of our notice upon the point therein specified, and strictly to prove those points. We could not be more specific. How could we anticipate that such a conversation would be testified to? Upon the plaintiffs' theory, if Josiah Wendell had, on cross-examination, testified to facts apparently contradicting his direct examination, he could not explain them, because he had not given notice beforehand that he would.

Such a construction as is contended for would leave a party at the mercy of an adversary as much as ever he was, and nullify the law. So long as the subject or point of evidence is adhered to, and the testimony goes to establish that point, it cannot be that in a case like this Wendell could not be examined to contradict Mitchell. But the law requiring notice has been repealed, and Josiah Wendell is dead, and why grant a new trial now?

III. As to the request of plaintiffs to charge:—1. The judge's

charge is omitted, and the presumption is that it was correct, and covered all the points necessary to be charged. 2. The requests were not entirely correct, and the judge was not bound to charge as requested unless he could do so in the language of the request. 3. Reading the entire request—the whole of it—until we see some authority cited to support so monstrous a proposition as this "request" involves, we shall deny it to be law.

IV. Upon the whole case, it is very evident that the cause was fairly submitted to the jury; that the evidence clearly establishes that the defence was true, and that on any new trial the result must be the same. This being the case, the court will not disturb the verdict, especially as George A. Wendell and Josiah Wendell are both dead.

BY THE COURT.*—CLERKE, P. J.—The deposition of George A. Wendell was properly admitted. Even if the order had in effect limited the time for taking the examination before a justice of the peace, yet as the plaintiffs, having notice of the intended examination, appeared and cross-examined the witness, although they in the first instance objected, the deposition became effectual proof in the cause.

The objections taken at folios 49 and 50 of the case (referring to the objection to the statement of the witness, that the son went to Canandaigua, and that he deposited the balance) are not well taken. The testimony was not as to what another person had *said*, but what he had *done;* and although the acts testified to might not have happened in the presence of the witness, this was not sufficient to exclude it. The only remedy was for the plaintiffs to show, on the cross-examination, that the witness had not a sufficient opportunity of knowing what he had testified; and thus the effect of his testimony on those points would have been weakened or destroyed before the jury. But the judge could not know beforehand the means by which the witness had acquired his knowledge.

Where a party was examined even before the amendment of § 399 of the Code, it was proper to recall him to contradict the other party, although not on a point specified in the notice.

* Present, CLERKE, P. J., LEONARD and BARNARD, JJ.

The judge correctly refused to charge, if the jury believed that the defendant authorized G. A. Wendell, as his agent, to negotiate the note in controversy, and G. A. Wendell and B. B. Wood, in reality passed it off to the plaintiffs for the claim against George, then the plaintiffs are *bona-fide* holders upon the ground that the usurious transaction, even if it had transpired, was revoked, and that the transaction between G. A. Wendell, B. B. Wood, and Mitchell was to be regarded as an original negotiation of the note.

If, indeed, defendant and Wood had rescinded the original transaction, the former paying back the money he had received and the latter surrendering the note, and if the note was given to the plaintiffs in payment of their claim against George A. Wendell, the taint of usury would have been removed; and it would have been valid in the hands of the plaintiffs. But the judge was not asked to say this: and if he was, he would be correct in refusing to charge to this effect; because there was nothing in the testimony to warrant the jury in taking it into consideration. Indeed, Wood expressly testified that he had purchased the claim of the plaintiffs against George A. Wendell with this note, and had received an assignment of the claim, which he still held.

The other exceptions are equally untenable.

The judgment should be affirmed with costs.

---

## THOMPSON *a.* SHERRARD.

*Supreme Court, First District; General Term, September,* 1861.

### RECEIVER.—EJECTMENT.—MESNE PROFITS.

In an action to recover possession of real property, with damages for the wrongful withholding thereof, it is not regular or proper to appoint a receiver of the rents and profits of the property in controversy.

The provisions of the Revised Statutes (2 *Rev. Stat.,* 309, §§ 36, 37, 38) declaring and restricting the force and effect of judgments in actions of ejectment, have not been repealed by the Code.